RUSSELL TAYLOR, as Guardian of the Person and Estate of CARLITA RAY, an Infant, Appellant, *v.* ROBERT E. BARRINGER, L. O. HAWKINS and HOWARD W. CANNON; IDA ANGELOT RAY, CARL REED, and RALPH STEINER, as Trustees of the Estate of CARL RAY, Deceased, et al., Respondents.

No. 4200

October 13, 1959                    344 P.2d 676

*E. M. Gunderson,* of Las Vegas, for Appellant.

*Hawkins and Cannon,* of Las Vegas, for Respondents Barringer, Hawkins and Cannon.

## OPINION

(On Motion to Dismiss)

*Per Curiam:*

Plaintiff (appellant herein) filed a complaint in the court below for a declaratory judgment to determine the

rights and interests of the various parties to certain land. A motion was made in that court to dismiss the action with reference to defendants Barringer, Hawkins, and Cannon upon the ground that the complaint failed to state any claim against the moving defendants. Appeal is taken from the order dismissing the action as to said defendants.

After the filing of the record on appeal herein, respondents Barringer, Hawkins, and Cannon filed a motion to dismiss the appeal upon the following grounds:

1. That the complaint fails to state a claim against the said respondents. This goes to the merits of the appeal and is not a proper ground for dismissal of the appeal.

2. That the record on appeal fails to allege any facts giving the appellant the right to have the appeal heard by this court in that it discloses that the appellant is not an aggrieved person. This, however, is predicated on the ground that the complaint fails to state a claim, which we have disposed of under the preceding paragraph.

3. In their memorandum of points and authorities respondents for the first time urge a third ground for dismissing the appeal, to wit, that the order appealed from was not an appealable order as defined in NRCP, Rule 72(b). True it is that Rule 72(b)(1) permits an appeal from a final judgment and says nothing about an order of dismissal; nevertheless, the formal order dismissing the action as to defendants Barringer, Hawkins, and Cannon was signed by the judge and filed in the action and is in effect a final judgment although entitled "an order." See Markert v. Swift & Co., 2 Cir., 173 F.2d 517, 519, where the court held that under Rule 54(a) a judgment includes any order from which an appeal lies; "had the court here, after entering an order, gone on to enter a judgment, the latter would have been superfluous."

The motion to dismiss the appeal is denied.