ON MOTION TO DISMISS
McCAIN, Justice.
The instant case comes to us on petition for certiorari to review a decision of the District Court of Appeal, First District, entered on July 25, 1972, and reported at 265 So.2d 396. No petition for rehearing directed to that opinion was filed by petitioners. However, petitioners did move to have the opinion certified to this Court as passing upon a question of great public interest. That motion was never acted on by the District Court. Instead, on August 28, 1972, the District Court issued its mandate in the cause. On September 15, 1972, petitioners initiated certiorari proceedings here. Respondent has moved for dismissal of the petition as untimely.
The petition is untimely on its face, more than 30 days having elapsed between entry of the decision of the District Court and commencement of proceedings in this Court. However, petitioners contend that the time for filing certiorari here was tolled while the District Court considered the motion to certify the decision as one passing upon a question of great public interest; that since the Court never acted on the motion, the time for filing petition for certiorari in this Court commenced on the date of issuance of the mandate by the District Court. Petitioners are aware of this Court’s pronouncement that issuance *681 of the mandate has no bearing upon the time allowed to initiate certiorari proceedings,[1] but argue that the instant case creates an exception to the general rule.
We disagree. Rule 4.5(c)(1), F.A.R., 32 F.S.A., governs applications to this Court for certiorari to review decisions of District Courts of Appeal. The rule provides :
“Application for writ of certiorari shall be by petition filed in the Court within 30 days from the rendition of the decision, order, judgment or decree sought to be reviewed.”
“Rendition” in turn is defined in Rule 1.3, F.A.R., as follows:
“ 'Rendition’ of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been filed in the lower court a timely and proper motion ,or petition for a new trial, for a rehearing, 'or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of.’’ (Emphasis supplied.)
Thus, it is apparent that a “timely and proper motion . . . permitted by the Rules” tolls the time for initiating proceedings in a higher court; it is equally clear that an unauthorized motion does not delay rendition and therefore has no effect on the time within which a party is permitted to seek certiorari in this Court or elsewhere. Wagner v. Bieley, Wagner & Assoc., Inc., 263 So.2d 1 (Fla.1972).
The Florida Appellate Rules make no provision for a motion to certify a decision of a district court as one which passes upon a question of great public interest. The implication is that a certificate by a district court shall in all cases be upon the court’s own motion. In Whitaker v. Jacksonville Expressway Authority 131 So.2d 22 (Fla.App. 1st, 1961), the First District Court enunciated this view, declaring, inter alia, that a motion to certify had no effect on issuance of the mandate:
“In parlance of the law the word ‘motion’, in its efficient sense, denotes an application to a court or judge to take stated action in respect to some subject of law or procedure. Inherent therein is a contention of the movant that he is entitled, as a matter of law, to have it granted. By the same token, the denial of a motion having those attributes should afford the basis for review before an appellate tribunal. An application for action by a court or judge that does not have that result cannot be termed a ‘motion’ in the sense to which we refer.
“Since the right of review does not lie from a failure or refusal of a District Court of Appeal to certify any decision rendered by it as one that passes upon a question of great public interest, a pleading of the character under discussion is not a motion in the strict legal sense. It has no efficiency other than to invite the court’s attention to the factors which the pleader believes to be important in suggesting that the decision be certified as passing upon a question of great public interest. At this juncture we wish to observe that it is not amiss and that this court will welcome the filing by any interested person, at any time prior to the expiration of the period of time allowed for filing of a petition for rehearing, of a suggestion to that effect, fortifying it with the factors that make it so; bearing in mind that such pleading has no legal effect.”
We agree with the First District Court that, at least under the present appellate rules, certification must be upon motion of the Court and not by motion of *682 a party to the cause. Therefore, a motion to certify is not required to be acted upon by the Court and has no effect either upon rendition of the Court’s decision or upon the time within which a petition for writ of certiorari may be filed in this Court.
Respondent’s motion to dismiss is granted.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and BOYD, JJ., concur.

. Roy v. State, 211 So.2d 554 (Fla.1968).