PER CURIAM.
Upon further review and examination of the record we are of the opinion that the appeal was untimely filed thereby divesting this court of jurisdiction.
Particularly, the record reflects that a final judgment was rendered on September 15, 1975. On September 23, 1975, the defendant-appellant filed a motion to tax costs and attorney’s fees. An amended final judgment was rendered on October 13, 1975. An appeal from the amended final judgment was taken on November 12,1975.
Although the notice of appeal was filed within 30 days from the rendition of the amended final judgment, it was well beyond the rendition of the initial final judgment.
The amended final judgment did not disturb or revise the legal rights and obligations which had already been settled with finality in the initial final judgment and which is the subject matter of this appeal; rather, it merely awarded attorney’s fees and costs in addition to the adjudication theretofore made. See Bonura v. Holloway, 334 So.2d 842 (Fla. 4th DCA 1976). The motion to tax costs and award attorney’s fees did not toll the time within which to seek appellate review because such motion was not a post-trial motion provided for by the rules of civil procedure. State ex rel. Park Towers Assoc, v. District Court of Appeal of Florida, Third District, 221 So.2d 136 (Fla.1969); Lipsius v. Bristol-Myers Company, 269 So.2d 680 (Fla.1972); State ex rel. Shevin v. Mann, 290 So.2d 1 (Fla.1974). Additionally, an order awarding costs and attorney’s fees is separably appealable. Roberts v. Askew, 260 So.2d 492 (Fla.1972).
Accordingly, this cause is dismissed for lack of jurisdiction. It is so ordered.[1]
MAGER, C. J., CROSS, J., and WAD-DELL, TOM, Jr., Associate Judge, concur.

. It might be gratuitously observed, purely by way of dicta, that the court was initially inclined to affirm had we reached the merits of the cause; however, the jurisdictional difficulty prevents us from doing so.