EVALYN MORRELL dba MORRELL REALTY, FRED L. ZAJAC, Jr. AND MARILYN R. ZAJAC, Appellants, v. GENE V. EDWARDS AND MAXINE EDWARDS, Respondents.

No. 13384

February 26, 1982                          640 P.2d 1322

*Harding & Dawson,* Las Vegas, for Appellants.

*Skupa & Mainor,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellants filed a suit seeking specific performance of a contract to sell residential real property or in the alternative for damages. The district court determined that appellants had not complied with conditions precedent to respondents' obligations to perform under the contract. Judgment for respondents denying specific performance or damages, and awarding to respondents three hundred ninety-one dollars and fifteen cents ($391.15) for costs, was entered on February 4, 1981. Notice of entry of judgment was served upon appellants on February 6, 1981. Twenty-eight days after the judgment was entered, on March 4, 1981, respondents filed their memorandum of costs. On March 5, 1981, appellants moved to amend the judgment by striking the award of costs because the memorandum was not filed within five days after the judgment was entered as required by NRS 18.110. On March 25, 1981, the district court issued an order amending the judgment by striking the award of costs. On April 23, 1981, appellants filed their notice of appeal, appealing from the judgment of February 2, 1981, as amended by the order of March 25, 1981. On appeal, appellants challenge the finding of the district court that they were required to comply with the conditions precedent.

We are of the opinion that jurisdiction over the appeal has not vested in this court because the notice of appeal was not filed within the time limits of NRAP 4(a).

The test for determining whether an appeal is properly taken from an amended judgment rather than the judgment originally entered depends upon whether the amendment disturbed or revised legal rights and obligations which the prior judgment had plainly and properly settled with finality. F.T.C. v. Minneapolis-Honeywell Co., 344 U.S. 206 (1952); Cornist v. Richland Parish School Board, 479 F.2d 37 (5th Cir. 1973). Here the amendment was directed solely at striking out the award of costs. It did not affect the legal rights and obligations of the parties as they related to the contract, which is the substance of

the original judgment and the subject matter of this appeal. Consequently, the amendment has no significance in determining the timeliness of the appeal. Radich v. Fairbanks Builders, Inc., 399 P.2d 215 (Alaska 1965); Southeastern Fid. Ins. Co. v. Stevens, 340 So.2d 933 (Fla.App. 1976); National Bond & Investment Co. v. Nash Sales Co., 205 N.W. 910 (Wis. 1925).

Appellants alternatively argue that the motion to strike the award of costs should be treated as a motion to alter or amend judgment under NRCP 59(e). Such a motion will toll the time for appeal; however, it must be timely made. NRAP 4(a). If it is not served within ten days after service of written notice of entry of the judgment, the time for appeal is not tolled. Culinary Workers v. Haugen, 76 Nev. 424, 357 P.2d 113 (1960); *see* Browder v. Director, Ill. Dept. of Corrections, 434 U.S. 257 (1978); Sonnenblick-Goldman Corp. v. Nowalk, 420 F.2d 858 (3rd Cir. 1970); *cf.* Oelsner v. Charles C. Meek Lumber Co., 92 Nev. 576, 555 P.2d 217 (1976) (district court without jurisdiction to consider untimely NRCP 59(e) motion). Here the motion was not filed until twenty-seven days after the service of notice of entry of the judgment. Consequently it was not served within the time limits required by NRCP 59(e).

Appellants argue that they could not have determined the propriety of the judgment, or the procedures to be followed, until the memorandum of costs was served. In such circumstances, they argue that the motion should not be considered untimely. Appellants' argument is not persuasive. When the memorandum of costs had not been served within five days after the entry of judgment, the grounds for appellants' motion existed. If appellants had moved at that time to alter or amend the judgment, the motion would have been within the time limits of NRCP 59(e). Furthermore, the motion, as previously noted, did not affect the merits of the judgment from which appellants now seek to appeal. As such, appellants could have immediately appealed the merits of the original judgment, and during the pendency of the appeal, could have moved to retax and settle costs once the memorandum of costs was served. *See* Bongiovi v. Bongiovi, 94 Nev. 321, 579 P.2d 1246 (1978) (district court retains jurisdiction over matters collateral to and independent from that part of case taken up on appeal).

Other arguments being without merit, and finding no jurisdiction vested in this court, we ORDER this appeal dismissed.