# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1864

———————

Richard M. Jones,      *

                 *

      Plaintiff - Appellee,    *

                 *    Appeal from the United States

     v.                *    District Court for the District

                 *    of South Dakota.

Todd V. Swanson,      *

                 *

      Defendant - Appellant.   *

———————

Submitted: December 13, 2007
Filed: January 16, 2008

———————

Before BYE, ARNOLD, and MELLOY, Circuit Judges.

———————

BYE, Circuit Judge.

Todd V. Swanson appeals the district court's[1] order dismissing his motion to vacate brought under Rule 60(b) of the Federal Rules of Civil Procedure. Swanson also appeals the district court's orders denying motions to conduct post-judgment discovery and to designate the real party in interest. We affirm.

———————

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

I

Richard M. Jones sued Swanson under South Dakota's alienation of affection law, claiming Swanson's romantic involvement with Jones's wife, Donna, caused the couple's marriage to fail. A jury found in favor of Richard and awarded compensatory and punitive damages totaling $950,000. The district court entered judgment in favor of Richard on February 19, 2002. Swanson appealed and we affirmed on condition Richard accept a remitted verdict of $400,000 ($150,000 in compensatory and $250,000 in punitive damages). Richard accepted the reduced verdict and the district court entered an amended judgment on November 21, 2003.

In September 2004, Donna contacted Swanson asking to meet. The two met on October 9, 2004, and at the meeting Swanson explained he did not intend to revive the romance. Nonetheless, Donna told him about child custody difficulties she was having with Richard and his new wife, and alluded to another issue she wanted to discuss. On October 14, 2004, Donna called Swanson and told him her trial testimony had not been entirely truthful. Specifically, Donna said she was under considerable stress during the trial and to keep from losing her children and marriage, testified she had feelings for Richard when the affair with Swanson began. In truth, according to Donna, by the time the affair began, her relationship with Richard was tenuous and the affair did not cause the marriage to fail.

After Donna's admission, Swanson agreed to meet with her in person. On October 26, 2004, Swanson and Donna met to further discuss her trial testimony. Donna reiterated her earlier admission, stating she had been untruthful at trial and had lied to protect herself. On two occasions during the conversation, Donna asked to speak with Swanson's attorneys and offered to help. Swanson surreptitiously recorded the conversation.

In the roughly two and one half years since the verdict, Swanson had successfully avoided attempts to collect on the $400,000 judgment, and, in the fall of 2004, Richard, who was experiencing financial difficulties, filed for bankruptcy protection. Before filing bankruptcy, Richard assigned his interest in the judgment to his lawyers. The law firm, in turn, later assigned the judgment to the bankruptcy trustee. Coincidentally, as these events were unfolding, Richard became convinced Donna had lied at trial and wrote a letter to the district court stating his belief and asking the court to dismiss the judgment against Swanson.

On November 19, 2004, Swanson filed a motion to vacate the judgment under Rule 60(b), citing Donna's false trial testimony. Swanson argued Donna's admission constituted newly discovered evidence and warranted relief from judgment under Rule 60(b)(2). Alternatively, Swanson argued the perjury of a non-party witness warranted relief under Rule 60(b)(6)'s catch-all provision. In the same motion, Swanson moved for an opportunity to conduct post-judgment discovery to further explore the merits of the motion to vacate. Upon learning the judgment had been assigned to Richard's attorneys, Swanson filed a separate motion seeking a declaration of the real party in interest.

Initially, the district court found the Rule 60(b) motion timely and scheduled an evidentiary hearing. In the same order, it denied the motion to conduct post-judgment discovery. Upon reconsideration, the district court concluded the Rule 60(b)(2) motion was untimely because it had not been made within one year of the date the district court first entered judgment in favor of Richard. The court also concluded the Rule 60(b)(6) motion was untimely because it had not been made within a reasonable time after entry of the first judgment. Finally, the court denied the motion for declaration of the real party in interest as moot, concluding the judgment had been assigned to Richard's bankruptcy estate.

On appeal, Swanson argues the district court erred in concluding the one-year limitations period for filing a motion under Rule 60(b)(2) commenced on the date the original judgment was entered (February 19, 2002), instead of the date the judgment remitting the damage award was entered (November 21, 2003). Swanson also argues the district court abused its discretion in concluding the motion to vacate under Rule 60(b)(6) was not filed within a reasonable time. Finally, Swanson contends the district court erred in refusing to designate the real party in interest and abused its discretion when it refused to allow post-judgment discovery.

II

A Rule 60(b) motion serves to relieve a party from a final judgment, order, or proceeding for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." F. R. Civ. P. 60(c). The rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United

-4-

States v. Young, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam). The district court has wide discretion in ruling on a Rule 60(b) motion, and we will only reverse for a clear abuse of discretion. Sellers v. Mineta, 350 F.3d 706, 715-16 (8th Cir. 2003).

A

Swanson first argues the district court erred when it concluded his Rule 60(b)(2) motion based on newly discovered evidence was untimely.

A motion to vacate under Rule 60(c) must be brought no more than one year after entry of the judgment. Fed. R. Civ. P. 60(b). The initial judgment was entered February 19, 2002, and the judgment amending the damage award was entered November 21, 2003. The district court concluded the one-year limitations period began to run as of the date the initial judgment was entered. Swanson, however, argues the limitations period began to run after the amended judgment was entered. If the district court is correct, the motion was untimely; if Swanson is correct, the motion was timely.

Generally, we review a district court's denial of a Rule 60(b) motion for a clear abuse of discretion. Sellers, 350 F.3d at 715-16. With respect to Swanson's motion under Rule 60(b)(2), however, the district court's denial was based on purely legal grounds, i.e., when the one-year limitations period commenced. Therefore, we review the dismissal de novo. Indiana Lumbermens Mut. Ins. Co. v. Timberland Pallet and Lumber Co., Inc., 195 F.3d 368, 374 (8th Cir. 1999).

Our court has yet to determine under what circumstances the entry of an amended judgment may restart the one-year limitations period mandated for Rule 60(b)(2) motions. Other courts and commentators, however, "have recognized that

a new, one-year period under Rule 60(b) might be triggered if [a] subsequent appellate ruling substantially alters the district court's judgment in a manner that disturbs or revises the previous, plainly settled legal rights and obligations of the parties." The Tool Box, Inc. v. Ogden City Corp., 419 F.3d 1084, 1089 (10th Cir. 2005) (citing Berwick Grain Co. v. Ill. Dep't of Agric., 189 F.3d 556, 559-60 (7th Cir. 1999); Simon v. Navon, 116 F.3d 1, 3 (1st Cir. 1997); Transit Cas. Co. v. Sec. Trust Co., 441 F.2d 788, 791 (5th Cir. 1971); 11 Wright & Miller, § 2866, at 390-91)); see also Martha Graham Sch. and Dance Found. v. Martha Graham Ctr. of Contemporary Dance, Inc., 466 F.3d 97, 100-01 (2d Cir. 2006).

In Martha Graham Sch., the plaintiff brought suit arguing several copyright protected dance routines had been infringed by the defendant. 466 F.3d at 99. Following a bench trial, the district court concluded the plaintiff owned rights to forty-five of the contested dances and the defendant owned rights to one. Id. On November 4, 2002, the district court entered judgment implementing its findings. Id. On appeal, the Second Circuit held the ownership rights to seven additional dances remained unresolved and reversed and remanded as to those routines. Id. at 100. An amended judgment changing the district court's findings as to those seven dances was entered in October 2004. Before ownership of the remaining seven dances could be resolved, the plaintiff filed Rule 60(b)(2) and (3) motions, based on newly discovered evidence and fraud, seeking to vacate the November 2002 judgment. Id. The dances affected by the motions to vacate were routines whose ownership had been covered in the initial judgment, and were unaffected by the appellate court's decision amending the judgment. Id. at 101. Therefore, the court held the amended judgment "made no substantive change in [the parties'] legal position from that established by the [initial] judgment of the district court" with respect to those dances. Id. Because the plaintiff's Rule 60(b) motions related only to issues decided by the initial judgment, which were unaffected by the amended judgment, the court of appeals held the limitations period began with entry of the first judgment and did not begin anew with the entry of the amended judgment. Id.

-6-

Swanson's Rule 60(b)(2) motion attacks the evidence upon which the jury's finding of liability was based. The amended judgment, however, left in place the jury's finding of tort liability and only altered the award of damages. Nonetheless, Swanson argues the amended judgment altered the rights and obligations of the parties because it reduced the verdict against him by $550,000. It is true the amended judgment substantially reduced the amount he owed, but issues of liability and damages are distinct, and the amended judgment did not relieve Swanson of the obligation to pay damages based upon a finding he alienated Donna's affections. Accordingly, the amended judgment in no way altered, disturbed or revised the previous, plainly settled legal rights and obligations of the parties with respect to liability. Because Swanson's Rule 60(b)(2) motion only focuses on the issue of liability, we hold the one-year limitations period for bringing the motion began to run when the February 19, 2002 judgment was entered, making the motion untimely.

B

Alternatively, Swanson argues his motion to vacate brought under Rule 60(b)(6)'s catch-all provision was filed within a reasonable amount of time after the judgment was entered, i.e., thirty-three months.

A district court has wide discretion in ruling on a Rule 60(b) motion and we will only reverse for a clear abuse of discretion. Sellers, 350 F.3d at 715-16.

We have held a motion to vacate based on fraud by a non-party may be based on Rule 60(b)(6), but must be brought within a reasonable time. Lester v. Empire Fire and Marine Ins. Co., 653 F.2d 353, 354 (8th Cir. 1981). We have further held, "absent special circumstances," it would be unreasonable to vacate a judgment based on third-

-7-

party fraud after more than one year "when a similar motion based on fraud by a party would be barred by Rule 60(b)(3)" if brought after more than one year.  <u>Id.</u>  Here, Swanson argues there are special circumstances present because Donna's testimony was vital to Richard's case, and Richard has assigned away his rights to the judgment.

The district court concluded these facts did not amount to special circumstances or were not relevant to the motion to vacate.  We agree.  Every deception by a party or non-party sufficient to justify granting a motion to vacate is important – if not vital – to the outcome of a case.  Therefore, while potentially important, Donna's untruthful testimony is not special or unique.  Further, Richard's decision to wash his hands of the judgment, while unusual, has no impact on the merits of Swanson's motion to vacate.  Accordingly, we find no basis to conclude the district court abused its broad authority and affirm its denial of the Rule 60(b)(6) motion.

C

As for the remaining issues on appeal, i.e., designation of the real party in interest, and post-judgment discovery, we affirm the district court.  The issue of the real party in interest was mooted by the law firm's assignment of the judgment to the bankruptcy estate.  Further, Swanson cannot overcome the time bar to filing his Rule 60(b) motion and additional discovery would not further his pursuit of the motion.

III

The judgment of the district court is affirmed.

_____