# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 09-2177

Comcast of Illinois X, An Illinois
Limited Liability Company,

        Plaintiff – Appellee,

    v.

Multi-Vision Electronics, Inc.,
a dissolved Nebraska Corporation,
doing business as Cable Network
Company, also known as Cable,
Network,

        Defendant,

Ronald J. Abboud, Individually,

        Defendant – Appellant.

Appeal from the United States
District Court for the
District of Nebraska.

[UNPUBLISHED]

Submitted: March 8, 2010
Filed: March 16, 2010

Before MURPHY, JOHN R. GIBSON, and RILEY, Circuit Judges.

PER CURIAM.

Ronald Abboud appeals from the District Court's[1] April 13, 2009 denial of his Rule 60(b) motion for relief from an October 11, 2006 judgment against Abboud in a suit by Comcast alleging violations of the Cable Communications Policy Act, 47 U.S.C. § 553(a)(1) (1992) ("CCPA"). We affirm.

We review a district court's ruling on a Rule 60(b) motion for abuse of discretion. Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008). Rule 60(b) of the Federal Rules of Civil Procedure authorizes the court to "relieve a party . . . of a final judgment" due to "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b) (2009). Relief under Rule 60(b) may be granted only upon an adequate showing of exceptional circumstances. Jones, 512 F.3d at 1048.

Appellant claims that the district court erred in concluding that his motion is untimely. The Federal Rules of Civil Procedure require a Rule 60(b) motion to be brought "within a reasonable time, and . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c) (2009). Final judgment in this case was entered on October 11, 2006. Appellant filed his Rule 60(b) motion on May 12, 2008, over a year and a half later.

Appellant contends that a debtor in bankruptcy proceedings is granted an extension under 11 U.S.C. § 108(a) on the time to file a Rule 60(b) motion. "If applicable nonbankruptcy law . . . fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before . . . two years after the order for relief." 11 U.S.C. § 108(a)(2) (2005). Appellant argues that since he filed his bankruptcy petition on July 16, 2007, less than a year after the

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

district court's final judgment, he is entitled to an extra year to file his Rule 60(b) motion.

The statute is silent, however, on whether a debtor is entitled to the same time extensions as a trustee under § 108(a). Appellant is the debtor in his bankruptcy action, not the trustee. He fails to cite to any support, in the Eighth Circuit or elsewhere, that treats debtors and trustees synonymously for the purposes of § 108(a). Moreover, appellant ignores the importance of reasonableness in framing time limits on Rule 60(b) motions. This case involved a lengthy litigation in which summary judgment was upheld on appeal, *see Comcast of Illinois X v. Multi-Vision Electronics, Inc.*, 491 F.3d 938 (8th Cir. 2007), and a subsequent stay pending appellant's bankruptcy proceeding. The district court did not abuse its discretion in concluding that, given the case's history, appellant's motion was not filed within a reasonable time.

Even if appellant's motion were timely filed, he did not supply evidence of exceptional circumstances warranting relief from judgment. He failed to demonstrate that Comcast did not exist as a legal entity at the time of his CCPA violations. In any event, the question of Comcast's legal existence is irrelevant since it was awarded damages as a "private attorney general" on behalf of the entire cable industry, pursuant to 47 U.S.C. § 553(c)(3)(A)(i) (1992). The district court found no mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence. Its denial of appellant's Rule 60(b) motion was well within its discretion.

Accordingly, we affirm the order of the district court.

_____