**130 Nev., Advance Opinion** 64

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ERISTEO CAMPOS-GARCIA,
INDIVIDUALLY,
Appellant,
vs.
ANN JOHNSON, INDIVIDUALLY,
Respondent.

No. 62578

**FILED**

AUG 07 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Jurisdictional prescreening of an appeal from a district court judgment and amended judgment on the jury verdict in a tort action. Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

*Dismissed in part.*

Hutchison & Steffen, LLC, and Michael K. Wall, Las Vegas,
for Appellant.

Glen Lerner Injury Attorneys and Paul D. Powell, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, DOUGLAS, J.:

What is an appealable order? We issue this opinion to address an increasingly frequent practice in our district courts that, for those caught unaware, often results in the unintentional loss of the right to appeal. In particular, we emphasize that an appeal must be taken from an appealable order when first entered; superfluous or duplicative orders and judgments—those filed after an appealable order has been entered

14-25867

that do nothing more than repeat the contents of that order—are not appealable and, generally, should not be rendered.

## FACTS AND PROCEDURAL HISTORY

After the jury rendered a verdict in favor of the plaintiff in the tort action below, the district court entered judgment on the verdict against defendant/appellant Eristeo Campos-Garcia, thereby resolving all of the rights and liabilities of the parties before it and all of the issues in the case, except for attorney fees and costs. Campos-Garcia timely filed a notice of appeal from the judgment, and our review of the appeal with respect to that judgment has revealed no jurisdictional concern. Later, the district court entered an order awarding the plaintiff attorney fees and costs, but Campos-Garcia did not file a notice of appeal from that order. Subsequently, however, the district court signed and entered an "amended judgment" prepared by the plaintiff's attorney, which incorporated the attorney fees and costs award into the original judgment. Campos-Garcia then filed an amended notice of appeal identifying the amended judgment.

Concerned that the amended judgment was not substantively appealable because it merely reiterated, without alteration, the terms of the original judgment and the attorney fees and costs award, and noting that Campos-Garcia had failed to timely appeal from the earlier order awarding attorney fees and costs, this court ordered Campos-Garcia to show cause why the appeal from the amended judgment should not be dismissed for lack of jurisdiction. Campos-Garcia timely responded, explaining that all parties and the district court anticipated that the attorney fees and costs award would be incorporated into an amended judgment to make it official and executable, as is the customary practice in the Eighth Judicial District Court. Respondent filed a reply, arguing that the appeal from the attorney fees and costs order was untimely.

## DISCUSSION

Under NRCP 54(a), the term "[j]udgment" includes "any order from which an appeal lies." We have consistently explained that the appealability of an order or judgment depends on "what the order or judgment actually does, not what it is called." *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 445, 874 P.2d 729, 733 (1994) (emphasis omitted); *see Lee v. GNLV Corp.*, 116 Nev. 424, 426-27, 996 P.2d 416, 417-18 (2000); *Taylor v. Barringer*, 75 Nev. 409, 344 P.2d 676 (1959). Thus, we have recognized that a post-judgment order awarding attorney fees and costs is appealable, even though not termed a "judgment" or incorporated into the final judgment. *Lee*, 116 Nev. at 426, 996 P.2d at 417 (citing the special-order-after-final-judgment rule, now NRAP 3A(b)(8)). Such post-judgment orders may also be executed on, even if not labeled "judgment." NRCP 54(a) (equating orders with judgments). When district courts, after entering an appealable order, go on to enter a judgment on the same issue, the judgment is superfluous. *Lee*, 116 Nev. at 427, 996 P.2d at 417-18 (citing *Taylor*, 75 Nev. at 410, 344 P.2d at 676-77). Because superfluous judgments are unnecessary and confuse appellate jurisdiction, we disapprove of this practice, generally.

In *Morrell v. Edwards*, we explained that an appeal is properly taken from an amended judgment only when the amendment "disturb[s] or revise[s] legal rights and obligations which the prior judgment had plainly and properly settled with finality." 98 Nev. 91, 92, 640 P.2d 1322, 1324 (1982). Here, the original judgment resolved all of the issues in the case and thus was the final, appealable judgment. NRAP 3A(b)(1); *Lee*, 116 Nev. at 426, 996 P.2d at 417. The order awarding attorney fees and costs was independently appealable as a special order after final judgment, NRAP 3A(b)(8); *Lee*, 116 Nev. at 426, 996 P.2d at

SUPREME COURT
OF
NEVADA

(O) 1947A

417, but appellant's amended notice of appeal was untimely as to that order. NRAP 4(a)(1). And the amended judgment identified in the amended notice of appeal did not in any way alter the legal rights and obligations set forth in either the original judgment or the order awarding attorney fees and costs; thus, the amended judgment was superfluous and cannot be appealed. As a result, we lack jurisdiction and dismiss this appeal as to the amended judgment and the related attorney fees and costs award, only. Briefing as to the remainder of this appeal from the final judgment will be reinstated in a separate order.

_____, J.
Douglas

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A