# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD HAM, AN INDIVIDUAL;
CARLA HAM, AN INDIVIDUAL; AND
HAM CONSULTING COMPANY, A
NEBRASKA CORPORATION,
Appellants,
vs.
THOMAS F. KENNEDY,
Respondent.

No. 67551

FILED

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying an NRCP 60(b) motion in a breach of contract action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

A default judgment was entered against appellants on July 29, 2013. Almost a year and a half later, on December 3, 2014, an amended judgment was entered correcting a clerical error. Days later, on December 8, 2014, appellants filed the underlying motion to set aside the judgment, which the district court denied.

Having considered the parties' arguments and the record on appeal, we conclude the district court did not abuse its discretion in denying appellants' motion because the motion was untimely. *See Cook v. Cook*, 112 Nev. 179, 181-82, 912 P.2d 264, 265 (1996) (explaining that the district court has broad discretion in deciding whether to grant or deny an NRCP 60(b) motion and this court will not disturb that decision absent an abuse of discretion). Even though an amended judgment was entered only a few days before appellants' motion, because that motion was made more than six months after the notice of entry of the original judgment and the amended judgment did not alter the original judgment in a way that

16-11860

changed the previous, settled legal rights and obligations of the parties, appellants' motion was untimely.[1] NRCP 60(b) (requiring a motion to set aside a judgment as a result of newly discovered evidence to be made within 6 months of the written notice of entry of the judgment); *see, e.g., Jones v. Swanson*, 512 F.3d 1045, 1048-49 (8th Cir. 2008) (explaining that an amended judgment may restart the limitations period for a motion to set aside the judgment only if the amended judgment "disturbs or revises the previous, plainly settled legal rights and obligations of the parties" (internal quotation omitted)); *see also generally Morrell v. Edwards*, 98 Nev. 91, 92-93, 640 P.2d 1322, 1324 (1982) (discussing when an appeal can be taken from an amended judgment). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

cc:    Hon. Nancy L. Allf, District Judge
       Lansford W. Levitt, Settlement Judge
       Holland & Hart LLP/Las Vegas
       Brandon L. Phillips, Attorney At Law, PLLC
       Eighth District Court Clerk

---

[1]Because appellants' motion was untimely, we need not consider appellants' arguments regarding the merits of the motion.