IN THE SUPREME COURT OF THE STATE OF NEVADA

DWIGHT NEVEN, WARDEN, FLORENCE MCCLURE WOMEN'S CORRECTIONAL CENTER; AND JAMES DZURENDA, DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS,

Appellants,

vs.

BREANN CELAYA,

Respondent.

No. 76392

FILED

OCT 12 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is a state's appeal from an order granting a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Our preliminary review if this appeal indicated a jurisdictional defect. It appeared the notice of appeal had been untimely filed. Appellants have responded to our order to show cause, and argue that after a timely motion for reconsideration, the district court entered a new order that substantially altered the terms of the prior order, and that the notice of appeal is timely as to that order. Respondent objects that the subsequent order made only clarifications and clerical changes and therefore did not alter the time to appeal. *See Campos-Garcia v. Johnson*, 130 Nev. 610, 611, 331 P.3d 890, 891 (2014) ("The appealability of an order or judgment depends on 'what the order or judgment actually does, not what it is called.'" (quoting *Valley Bank of Nev. v. Ginsburg*, 110 Nev. 440, 445, 874 P.2d 729, 733 (1994) (emphasis omitted)).

Having considered the arguments of the parties, we agree with respondent. The new order did not change the court's decision to grant the

writ; according to appellants, it merely retitled the order, "changed the format of the Order, provided further legal analysis of the subject NRS, altered its eligibility findings, changed the directive declaratory order, and issued a stay for appeal purposes." Most specifically, the new order clarified that the original order should have left the decision regarding what program respondent should enter up to determination by the department under NRS 209.429, rather than specify the petitioner enter the 305 Program. These are not the kind of substantive changes that disturb or revise the legal rights and obligations established by the original order. *See Morrell v. Edwards*, 98 Nev. 91, 640 P.2d 1322 (1982) (stating that that test for determining whether an appeal is properly taken from an amended judgment rather than the judgment originally entered depends upon whether the amendment disturbed or revised legal rights and obligations which the prior judgment had plainly and properly settled with finality). Accordingly, we conclude that the notice of appeal was untimely filed, and that we lack jurisdiction. We therefore

ORDER this appeal DISMISSED.

_____ , J.
Pickering

_____ , J.
Gibbons

_____ , J.
Hardesty

cc:   Hon. Richard Scotti, District Judge
      Attorney General/Carson City
      Attorney General/Las Vegas
      Las Vegas Defense Group, LLC
      Eighth District Court Clerk