# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LANCE GILMAN,<br>    Appellant/Cross-Respondent,<br>vs.<br>SAM TOLL,<br>    Respondent/Cross-Appellant. | No. 81726 |
| LANCE GILMAN,<br>    Appellant/Cross-Respondent,<br>vs.<br>SAM TOLL,<br>    Respondent/Cross-Appellant. | No. 81874 ✓ |

FILED

MAY 20 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER

These are appeals and cross-appeals from district court orders granting a special motion to dismiss and awarding attorney fees and denying a request for costs. First Judicial District Court, Storey County; James E. Wilson, Judge.

On December 31, 2020, respondent/cross-appellant (respondent) filed a motion requesting that appellant/cross-respondent (appellant) be required to file appeal bonds in accordance with NRAP 7. On January 15, 2021, this court entered an order granting the unopposed motion and directing appellant to comply with NRAP 7, if he had not already done so, and provide this court with written proof of compliance by January 22, 2021. The order cautioned that failure to timely comply could result in the imposition of sanctions.[1] Appellant thereafter filed the opening

---

[1]A copy of this order is attached.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-14533

brief and appendix but did not provide written proof of compliance or otherwise communicate with this court regarding the appeal bonds.

Respondent then moved to dismiss these appeals based on (1) appellant's failure to comply with this court's January 15, 2021, order, (2) several alleged procedural deficiencies in the appendix, and (3) the filing of the appendix as a joint appendix without approval from respondent's counsel.[2] In the alternative to dismissal, respondent requested that this court (1) strike the March 5, 2021, appendix and require appellant to file an appendix that strictly complies with NRAP 30; (2) again order appellant to pay and provide notice of payment of the appeal bonds required by NRAP 7; (3) order appellant's counsel to request approval and/or consent from opposing counsel before placing opposing counsel's name on court filings; (4) give respondent 30 days from the date of filing of a new appendix to file his answering brief; and (5) award any other relief deemed appropriate given the circumstances. Appellant opposed the motion and respondent replied.

On April 16, 2021, we entered an order concluding that the documents appellant attached to his opposition failed to demonstrate compliance with NRAP 7 and this court's January 15, 2021, order.[3] We

---

[2]Respondent additionally contends that appellant untimely filed the docketing statement in Docket No. 81874 and that the substance of appellant's appeal is frivolous. The docketing statement was not untimely. The clerk of this court issued a notice on October 19, 2020, directing appellant to file the docketing statement by November 9, 2020. Appellant filed the docketing statement on that date. And respondent's argument regarding the merits of an appeal is not properly raised in a motion to dismiss. *See Taylor v. Barringer*, 75 Nev. 409, 410, 344 P.2d 676, 676 (1959) (argument relating to the merits of an appeal is not a proper ground for the dismissal of an appeal).

[3]A copy of this order is attached.

 

directed appellant to demonstrate, within 7 days, that the documents attached to the opposition relate to the appeal bonds for these appeals, and that the bond for each appeal has been paid. We stated that failure to do so will result in this court granting respondent's motion to dismiss these appeals. We also deferred ruling with regard to the alleged deficiencies with appellant's appendix raised by respondent in his motion to dismiss.

Appellant has now filed a response. Appellant asserts that documents attached to the response demonstrate the appeal bond in Docket No. 81867 was paid on January 27, 2021. Appellant states "it was believed" the bond in Docket No. 81867 also covered the bond required in Docket No. 81874 because the matters were consolidated. He also states that he posted a supersedeas bond for $200,000 and believed that the supersedeas bond covered all costs. *See* NRAP 7(a) ("In a civil case, unless an appellant is exempted by law, or has filed a supersedeas bond or other undertaking that includes security for the payment of costs on appeal, the appellant shall file a bond for costs on appeal or equivalent security in the district court with the notice of appeal."). Appellant notes that counsel was out of the office for three weeks at the time the appeal bond was paid with a serious case of COVID. Finally, appellant represents that he posted an appeal bond in Docket No. 81874 on April 21, 2021.

The documents attached to appellant's response, in conjunction with the representations made in the response, sufficiently demonstrate that the documents attached to the previously-filed opposition relate to an appeal bond for Docket No. 81867 and that the bond for that appeal had been paid. However, appellant does not demonstrate that the documents attached to the opposition related to the appeal bond in Docket No. 81874

SUPREME COURT
OF
NEVADA

(O) 1947A

and seems to concede that no appeal bond was paid in that appeal until April 21, 2021.

NRAP 7 does not provide an exception to the appeal bond requirement for appeals that are consolidated after docketing. Appellant did not notify this court of the supersedeas bond prior to the filing of the instant response and did not previously assert that no appeal bond was required due to the supersedeas bond. And it is not clear that appellant's supersedeas bond includes the costs for these appeals. The bond itself states that it is "an undertaking to stay the enforcement of the Judgment" in the underlying district court case pending a decision on these appeals. Although the amount of the bond –$200,000—appears to exceed the amount of damages and attorney fees awarded in the challenged orders –$198,840— the document does not state that it includes security for the payment of costs on appeal. Under these circumstances, appellant does not demonstrate that he is not required to post an appeal bond in Docket No. 81874.

Because appellant does not demonstrate that the documents attached to his opposition related to the appeal bond in Docket No. 81874 and that the appeal bond had been paid, we grant the motion to dismiss as it relates to that appeal, and we dismiss the appeal in Docket No. 81874.

Review of appellant's appendix filed on March 5 and 8, 2021, reveals that it is deficient because the index does not identify the volume of the appendix where each document can be found.[4] *See* NRAP 30(c)(2) ("The

---

[4]Respondent also asserts that the appendix is deficient because it is unsigned and the index does not list the documents in chronological order. We waive any requirement that the appendix contain counsel's signature and note that no chronological index is required in an appendix.

appendix shall contain an alphabetical index identifying each document with reasonable definiteness, and indicating the volume and page of the appendix where the document is located."). Review of the opening brief filed on March 2, 2021, reveals that it is also deficient: the footnotes are not in the same size font as the rest of the brief, and the margins are not at least one-inch on all four sides. *See* NRAP 32(a)(4), (5).

Counsel for appellant is admonished for failing to comply with this court's rules and orders. Nevertheless, we decline to dismiss the appeal in Docket No. 81726 at this time. Instead, respondent's alternative request for relief is granted to the following extent. The clerk shall strike the opening brief and appendix filed on March 2, 5, and 8, 2021, as well as the combined brief and appendix filed on April 30, 2021. Appellant shall have 7 days from the date of this order to file and serve an amended opening brief and appendix that fully comply with all applicable procedural rules. The opening brief shall only contain information relating to the appeal in Docket No. 81726. Failure to timely comply with this order will result in the imposition of sanctions, including monetary sanctions against counsel for appellant and/or dismissal of the appeal. Appellant's counsel is advised that he should refrain from submitting a joint appendix or other document with opposing counsel's name on it such that it appears that the document was submitted jointly, unless he has first obtained approval to do so from opposing counsel.

Respondent shall have 30 days from service of the amended opening brief and appendix to file and serve an amended answering brief on appeal and opening brief on cross-appeal. Should appellant's amended appendix fail to include all documents respondent believes are necessary for this court's review on appeal, respondent may file an appendix containing

such documents. *See* NRAP 30(b)(4). Respondent's appendix should not include documents that are already included in appellant's appendix. *Id.* Respondent should include any argument regarding the merits of the issues raised by appellant in its answering brief.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.        _____, J.
Parraguirre                                      Cadish


cc:    Hon. James E. Wilson, District Judge
       David Wasick, Settlement Judge
       Flangas Dalacas Law Group, Inc.
       John L. Marshall
       Luke A. Busby
       Storey County Clerk

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LANCE GILMAN,
      Appellant/Cross-Respondent,
      vs.
SAM TOLL,
      Respondent/Cross-Appellant.

LANCE GILMAN,
      Appellant/Cross-Respondent,
      vs.
SAM TOLL,
      Respondent/Cross-Appellant.

No. 81726

No. 81874

FILED

APR 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER

On December 31, 2020, respondent/cross-appellant (respondent) filed a motion requesting that appellant/cross-respondent (appellant) be required to file appeal bonds in accordance with NRAP 7. On January 15, 2021, this court entered an order granting the motion and directing appellant to comply with NRAP 7, if he had not already done so, and provide this court with written proof of compliance by January 22, 2021. The order cautioned that failure to timely comply could result in the imposition of sanctions.

Respondent has now filed a motion to dismiss appellant's appeals. Respondent points out that appellant has failed to comply with this court's January 15, 2021, order. This court agrees. Attached to appellant's opposition is a receipt showing that a payment of $500 was made to Storey County on January 27, 2021, as well as a bank statement showing an online transfer on February 17, 2021, for $500 and bearing the notation "Transfer Appeal Bond." Neither document contains any case number and the receipt does not indicate what payment was for. These documents are insufficient to demonstrate compliance with NRAP 7. Further, appellant

21-11093

states in his opposition that a formal notice demonstrating that the appeal bonds have been paid would be filed in this appeal contemporaneously with his opposition. However, to date, no such notice has been filed. Notwithstanding appellant's failure to comply with this court's January 15 order, but based upon the information appellant has provided to this court, appellant shall have 7 days from the date of this order to demonstrate that the documents attached to the opposition relate to the appeal bonds for these appeals, and that the bond for each appeal has been paid. Failure to do so will result in this court granting respondent's motion to dismiss these appeals.

It is so ORDERED.[1]

_____, C.J.

cc:   Flangas Dalacas Law Group, Inc.
      John L. Marshall
      Luke A. Busby

---

[1]This court defers its ruling in regard to the alleged deficiencies with appellant's appendix raised by respondent in his motion to dismiss.

Supreme Court
of
Nevada

(O) 1947A