MARY ANN BISH, as Guardian ad Litem for CHRISTINA ROSE CARLOS, a Minor, Appellant, *v.* GUARANTY NATIONAL INSURANCE COMPANY, A COLORADO CORPORATION, Respondent.

No. 22138

March 18, 1993 848 P.2d 1057

*George T. Bochanis,* and *Richard J. Brattain,* Las Vegas, for Appellant.

*Edwards, Hunt, Hale & Hansen,* and *James L. Howell,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court granting summary judgment in favor of respondent insurance company in a personal injury case.

Appellant Mary Ann Bish, as guardian ad litem for her four year old daughter, Christina Rose Carlos, filed a complaint against respondent Guaranty National Insurance Company for declaratory relief in an action involving alleged negligence by Martha Alderson, Guaranty's insured. Appellant alleged that on June 4, 1988, Alderson twice ran over Christina on the sidewalk adjacent to Alderson's driveway, first by backing over her, then, after hearing a neighbor scream and realizing what she had done, by putting the car in forward gear and driving over the child again. As a consequence, Christina suffered serious injuries.

Both parties filed motions for summary judgment. At issue was whether the underlying circumstances constituted one accident or two for the purposes of collecting under the insurance policy issued by respondent. The district court concluded that, under the facts of this case, there was only one accident, and granted summary judgment in favor of respondent. This appeal followed.

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. American Federal Savings v. Washoe County, 106 Nev. 869, 871, 802 P.2d 1270, 1272 (1990). The parties do not dispute the material facts; thus, the present dispute raises solely a question of law. *See* Nationwide Mut. Ins. v. Moya, 108 Nev. 578, 837 P.2d 426 (1992).

Appellant contends that she is entitled to collect for two separate accidents because the child's injuries were caused by two separate and distinct impacts that occurred within a few seconds of one another. She argues that Alderson was in control of the vehicle both times she ran over the child and the incidents were interrupted by Alderson's actions of making eye contact with a witness and changing gears. She alleges that these actions broke the chain of causation.

Respondent contends that because there was but a single cause of the incident, namely Alderson's negligent driving, the incident constituted a single accident. Respondent asserts that a single

victim was injured in a continuous manner in a short period of time by a single car driven by a single tortfeasor.

This case presents an issue of first impression in Nevada. For the reasons set forth below, we adopt the majority "causal approach" and uphold the decision of the district court.

Jurisdictions which have considered this issue are divided on how to determine whether a particular situation constitutes a single occurrence or multiple occurrences for the purposes of insurance liability. The vast majority of jurisdictions, however, have adopted a "causal" approach. Using this analysis, the inquiry is focused on whether there was one or more than one cause which resulted in all of the injuries or damages. *See, e.g.,* Olsen v. Moore, 202 N.W.2d 236 (Wis. 1972); *see also* Michael P. Sullivan, Annotation, *What Constitutes Single Accident or Occurrence Within Liability Policy Limiting Insurer's Liability to a Specified Amount Per Accident or Occurrence,* 64 A.L.R. 4th 668 (1988). We believe that the reasoning of the "causal" approach is sound, and therefore adopt it as the analytical framework for deciding whether, in cases such as the instant one, the circumstances constitute one accident or multiple accidents for the purposes of insurance liability.

Looking to jurisdictions which have adopted the "causal" approach, the case of Welter v. Singer, 376 N.W.2d 84 (Wis. Ct.App. 1985), is persuasive. In *Welter,* the respondent driver hit and seriously injured appellant, who was riding a bicycle through an intersection. The appellant's riding companion was also hit but was not seriously injured. The respondent stopped after the collision, but then drove clear of the intersection, dragging the appellant beneath the car. The respondent stopped, and then, in an apparent attempt to find reverse gear, moved the car forward again about a foot. The companion then took over driving the car and backed up about ten feet in an attempt to free the appellant. *Id.* at 85.

The appellant sued, claiming that the scenario just described involved four accidents, corresponding to the three times the respondent put the car in motion and the one time the companion did so. The insurance company claimed that the scenario involved a single occurrence. The trial court agreed with the insurer. *Id.*

The Wisconsin Court of Appeals affirmed. The court emphasized that the focus of the inquiry should not be on the number, magnitude or time of the injuries, but rather on the cause or causes of the injury: "'As long as the injuries stem from one proximate cause there is a single occurrence.'" *Id.* at 87 (quoting

Appalachian Ins. Co. v. Liberty Mut. Ins. Co., 676 F.2d 56, 61 (3d Cir. 1982)). The court observed:

> If cause and result are so simultaneous or so closely linked in time and space as to be considered by the average person as one event, courts adopting the "cause" analysis uniformly find a single occurrence or accident. While there was a cognizable time and space interval between each of the operations of the [respondent's] car, [appellant's] body was in virtually continuous contact with the car after the initial impact. While [appellant's] multiple injuries could have been inflicted at a number of times and places within that brief interval, it was the initial collision which created the occasion and circumstances for any subsequent injuries.

*Id.* The court concluded: "A common sense view of the facts discloses that any of appellant's injuries not inflicted by the first impact were the result of causes acting concurrently with and directly attributable to it. Hence, it was the predominant, active and continuing cause." *Id.*

The instant case is analogous to *Welter.* As in *Welter,* in this case Alderson negligently ran over and injured the victim, stopped, put the car in gear, and injured the victim again, all in a continuous series of events closely linked in time and space. Applying the reasoning of *Welter,* we conclude that it was the initial collision which created the occasion and circumstances for the victim's subsequent injuries. Any of the victim's injuries not inflicted by the first impact were the result of causes acting concurrently with and directly attributable to it. Hence, the first impact was the predominant, active and continuing cause of all of the victim's injuries. The proximity in both time and space of the events at issue, together with their direct interdependence, leads us to the conclusion that there was a single accident, and that the sole cause of the accident was Alderson's negligence. *See id.* at 88.

Appellant attempts to factually distinguish *Welter* with regard to the question of control. Appellant points out that in *Welter* the victim's body was in continuous contact with the car after the initial impact and the driver apparently shifted into the wrong gear, but that in this case the victim was not dragged underneath the car and the driver did not inadvertently shift into the wrong gear. These factual distinctions are insufficient to cause us to reach a result different from that of *Welter.* The court in *Welter* focused not on the respondent's lack of control over the victim's body or the car's transmission, but on the respondent's lack of

"control over the causative factor." *Id.* at 87. The court concluded that, although the respondent "may have regained full control of his car each time he stopped," he "never regained a full measure of control over either the car's injury-inflicting potential or the situation in general." *Id.* at 88. Similarly, in this case, Alderson regained dominion of the car but did not regain control over the situation. Her act of shifting gears appears to have been the result of confusion rather than control. Thus, Alderson lacked control over the "causative factor" which led to the accident in the first place.

In summary, all of the child's injuries are attributable to one proximate, uninterrupted and continuing cause: Alderson's negligence. Accordingly, respondent is liable for just one accident. *Cf.* United Services Auto. Ass'n v. Baggett, 258 Cal.Rptr. 52 (Ct.App. 1989) (only one accident occurred where insured's vehicle struck decedent's vehicle from behind, both parties exited their vehicles, and within a minute, a third vehicle struck the insured's vehicle from behind, fatally pinning decedent between insured's vehicle and decedent's vehicle); Kansas Fire and Cas. Co. v. Kelling, 729 S.W.2d 251 (Mo.Ct.App. 1987) (adopting "cause" theory, court held that only one accident occurred where motorist attempting to pass eastbound car collided with westbound truck and almost simultaneously hit car he was trying to pass); Truck Insurance Exchange v. Rohde, 303 P.2d 659 (Wash. 1956) (only one accident occurred where insured motorist negligently veered into oncoming three-motorcycle echelon, went out of control, and collided with each motorcycle in succession).

Although this is a tragic case with tragic consequences, we are nevertheless compelled to conclude that the district court properly determined that the underlying circumstances constituted only a single accident for the purposes of collecting under respondent's insurance policy. Accordingly, we affirm the judgment of the district court.