OPINION
 

 Per Curiam:
 

 Respondent GNLV Corporation has moved to dismiss the underlying appeal on the ground that the order appealed from was neither a final judgment nor an appealable order pursuant to NRAP 3A. We conclude that an order granting summary judgment, which disposes of all claims and parties before the district court, is final and appealable, and we therefore deny respondent’s motion.
 

 Appellant Ahiliya Lee, individually and as guardian ad litem for Aaron Cody Lee, a minor, filed an action for wrongful death against GNLV on August 1, 1995. On July 27, 1998, GNLV moved for summary judgment. On September 10, 1998, the district court entered a written order granting the motion for summary judgment, thereby disposing of all claims and all parties in the action. Appellant filed her notice of appeal from this order on
 
 *426
 
 October 9, 1998. Thereafter, on October 16, 1998, the district court entered a formal “judgment,” which directed entry of judgment in favor of GNLV in the sum of $876.60, the amount of GNLV’s costs. The notice of entry of the judgment was served on October 19, 1998, and appellant did not file a second notice of appeal.
 

 GNLV has moved to dismiss this appeal, contending that an order granting summary judgment is not an appealable order because it is neither a “judgment” nor an order from which an appeal will lie pursuant to NRAP 3A(b).
 
 See
 
 NRAP 3A(b)(2) (specifically listing certain types of orders as appealable). According to GNLV, the district court’s “judgment” filed on October 16, 1998, constituted the final judgment in this matter. Hence, GNLV maintains that appellant’s notice of appeal was prematurely filed on October 9, 1998, and failed to vest jurisdiction in this- court.
 
 See
 
 Rust v. Clark Cty. School District, 103 Nev. 686, 747 P.2d 1380 (1987) (noting that a premature notice of appeal is ineffective to vest jurisdiction in this court). We disagree.
 

 As an initial matter, we observe that a final judgment has been described as one “that disposes of the issues presented in the case, determines the costs, and leaves nothing for the future consideration of the court.”
 
 See, e.g.,
 
 Alper v. Posin, 77 Nev. 328, 330, 363 P.2d 502, 503 (1961); Magee et al. v. Whitacre et al., 60 Nev. 202, 96 P.2d 201 (1939); Perkins v. Sierra Nevada S.M. Co., 10 Nev. 405 (1876). This definition suggests that an order of the district court is not a final judgment unless the court has also determined costs.
 
 [1]
 
 Such an interpretation, however, is inconsistent with NRCP 58(c), which specifies that the entry of a “judgment shall not be delayed for the taxing of costs.” To avoid any confusion regarding this matter, we clarify that a final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney’s fees and costs. A post-judgment order awarding attorney’s fees and/or costs may be appealed as a special order made after final judgment, pursuant to NRAP 3A(b)(2).
 
 See
 
 Smith v. Crown Financial Services, 111 Nev. 277, 280 n.2, 890 P.2d 769, 771 n.2 (1995).
 

 We now turn to the merits of the motion. Pursuant to NRAP 3A(b)(l), an appeal may be taken from a “final judgment in an action or proceeding.” “Judgment,” as the term is used in the Nevada Rules of Civil Procedure, includes “any
 
 order
 
 from which
 
 *427
 
 an appeal lies.” NRCP 54(a) (emphasis added). Accordingly, this court has customarily adopted the view that the finality of a district court’s order depends not so much on its label as an “order” or a “judgment,” but on what the “order” or “judgment” substantively accomplishes.
 

 This point is illustrated in Taylor v. Barringer, 75 Nev. 409, 344 P.2d 676 (1959). In
 
 Taylor,
 
 respondents argued that an order dismissing an action was not an appealable order as defined in former NRCP 72(b).
 
 [2]
 
 This court disagreed, stating as follows:
 

 True it is that Rule 72(b)(1) permits an appeal from a final judgment and says nothing about an order of dismissal; nevertheless, the formal order dismissing the action as to defendants . . . was signed by the judge and filed in the action and is in effect a final judgment although entitled “an order.”
 

 Taylor,
 
 75 Nev. at 410, 344 P.2d at 676. We additionally recognized that ‘ ‘ ‘had the court' here, after entering an order, gone on to enter a judgment, the latter would have been superfluous.’ ”
 
 Id.
 
 at 410, 344 P.2d at 676-77 (quoting Markert v. Swift & Co., 173 F.2d 517, 519 (2d Cir. 1949)).
 

 More recently, in Valley Bank of Nevada v. Ginsburg, 110 Nev. 440, 445, 874 P.2d 729, 733 (1994), we reiterated that “[t]his court determines the finality of an order or judgment by looking to what the order or judgment actually
 
 does,
 
 not what it is called.” We thus found labels to be inconclusive when determining finality; instead, we recognized that this court has consistently determined the finality of an order or judgment by what it substantively accomplished.
 
 Id.
 
 at 444-45, 874 P.2d at 733 (citing State, Taxicab Authority v. Greenspun, 109 Nev. 1022, 1025, 862 P.2d 423, 425 (1993); Hallicrafters Co. v. Moore, 102 Nev. 526, 528-29, 728 P.2d 441, 443 (1986));
 
 see also
 
 Bally’s Grand Hotel v. Reeves, 112 Nev. 1487, 1488, 929 P.2d 936, 937 (1996) (“ ‘This court has consistently looked past labels in interpreting NRAP 3A(b)(l), and has instead taken a functional view of finality, which seeks to further the rule’s main objective: promoting judicial economy by avoiding the specter of piecemeal appellate review.’ ”) (quoting
 
 Ginsburg,
 
 110 Nev. at 444, 874 P.2d at 733).
 

 Thus, whether the district court’s decision is entitled a “judgment” or an “order” is not dispositive in determining whether it may be appealed; what is dispositive is whether the decision is final. Here, the order granting summary judgment, which adjudicated the rights and liabilities of all parties and disposed of all
 
 *428
 
 issues presented in the case, was final. In keeping with this reasoning, we have consistently considered appeals from summary judgment orders disposing of the entire action.
 
 [3]
 

 See, e.g.,
 
 Farmers Insurance Group v. Stonik, 110 Nev. 64, 867 P.2d 389 (1994); Breithaupt v. USAA Property and Casualty, 110 Nev. 31, 867 P.2d 402 (1994); Bish v. Guaranty Nat’l Ins., 109 Nev. 133, 848 P.2d 1057 (1993).
 

 Accordingly, we conclude that the order granting summary judgment was a final, appealable judgment, and appellant’s notice of appeal was timely.
 
 [4]
 
 We therefore deny the motion to dismiss this appeal.
 

 [1]
 

 Pursuant to NRS 18.020, the district court must allow costs to the prevailing party in certain enumerated cases.
 

 [2]
 

 Excluding minor differences not relevant to this motion, former NRCP 72(b) is identical to current NRAP 3A.
 

 [3]
 

 To the extent that Fitzharris v. Phillips, 74 Nev. 371, 333 P.2d 721 (1958), suggests that a summary judgment order is not a final judgment, we hereby disapprove of that portion of
 
 Fitzharris.
 

 [4]
 

 We caution litigants, however, that orders granting partial summary judgment,
 
 see
 
 NRCP 56, which are generally not appealable absent a certification of finality pursuant to NRCP 54(b), are to be distinguished from summary judgment orders that dispose of all issues and parties.