An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MITCHELL PLETCHER,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE ROB
BARE, DISTRICT JUDGE,
Respondents,
and
BOULEVARD THEATER, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; URBAN LUXURY LAS
VEGAS, I, LLC, A NEVADA LIMITED
LIABILITY COMPANY; URBAN
RETAIL PROPERTIES, LLC, A
DELAWARE LIMITED LIABILITY
COMPANY; RICHARD WEISMAN, AN
INDIVIDUAL; SHIRIN WEISMAN, AN
INDIVIDUAL; PAUL M. SULLIVAN, AN
INDIVIDUAL; RAY SANKOVICH, AN
INDIVIDUAL; ERIC SMITHERS, AN
INDIVIDUAL; AND TOMMY
RICCARDO, AN INDIVIDUAL,
Real Parties in Interest.

No. 65378

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is a proper person petition for a writ of mandamus challenging district court orders dismissing certain real parties in interest from petitioner's action, denying reconsideration of the dismissal, and denying petitioner leave to amend his complaint.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See*

NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Writ relief is typically not available, however, when the petitioner has a plain, speedy, and adequate remedy at law. *See* NRS 34.170; NRS 34.330; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. Generally, an appeal is an adequate legal remedy precluding writ relief. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224, 88 P.3d 840, 841 (2004).

Having considered the petition and its attachments, we conclude that our intervention by way of extraordinary writ relief is not warranted, as petitioner has an adequate legal remedy in that, once a final judgment resolving all of the claims in the underlying case has been entered, *see Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (clarifying that "a final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs"), he may appeal from that judgment to the extent that he is aggrieved. *See Pan*, 120 Nev. at 224, 88 P.3d at 841. Accordingly, we deny the petition. *See* NRAP 21(b)(1); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (providing that whether to consider a writ petition is within this court's discretion).

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Rob Bare, District Judge
Mitchell Pletcher
Eric Smithers
The Williamson Law Office, PLLC
Ray Sankovich
Caruso Law Offices
McDonald Carano Wilson LLP/Reno
Gordon Silver/Reno
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A