An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

NOLA HARBER, AS DISTRIBUTION TRUSTEE OF THE ERIC L. NELSON NEVADA TRUST DATED MAY 30, 2001,
Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE FRANK P. SULLIVAN, DISTRICT JUDGE,
Respondents,

and

ERIC L. NELSON AND LYNITA S. NELSON, INDIVIDUALLY; LSN NEVADA TRUST DATED MAY 30, 2001; AND LARRY BERTSCH,
Real Parties in Interest.

No. 63432

FILED

MAY 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

NOLA HARBER, AS DISTRIBUTION TRUSTEE OF THE ERIC L. NELSON NEVADA TRUST DATED MAY 30, 2001,
Petitioner,

vs.

THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE FRANK P. SULLIVAN, DISTRICT JUDGE,
Respondents,

and

ERIC L. NELSON AND LYNITA S. NELSON, INDIVIDUALLY; AND LSN NEVADA TRUST DATED MAY 30, 2001,
Real Parties in Interest.

No. 63545

SUPREME COURT
OF
NEVADA

(O) 1947A

14-16988

## ORDER DENYING PETITIONS FOR WRITS OF PROHIBITION

Docket No. 63432 is an original petition for a writ of prohibition challenging certain provisions in a divorce decree and an order that directs the payment of child support arrears, spousal support, and attorney and expert fees from the Eric L. Nelson Nevada Trust. Docket No. 63545 is an original petition for a writ of prohibition challenging provisions in the divorce decree that directed transfer of certain assets from the Eric L. Nelson Nevada Trust to equalize the community property estate.

A writ of prohibition is available when a district court acts without or in excess of its jurisdiction. NRS 34.320; *State v. Eighth Judicial Dist. Court*, 118 Nev. 140, 146-47, 42 P.3d 233, 237 (2002). Prohibition is an extraordinary remedy, and whether a petition for extraordinary relief will be considered is solely within our discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). It is petitioner's burden to demonstrate that this court's extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Writ relief is generally not available when the petitioner has a plain, speedy, and adequate remedy at law. *See* NRS 34.330; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008).

Petitioner maintains that extraordinary relief is appropriate because an adequate legal remedy is not currently available. Specifically, petitioner asserts that an appeal cannot immediately be taken from the divorce decree because the district court has not disposed of all of the assets and the divorce decree is not a final judgment. At the time these writ petitions were filed, this court temporarily stayed portions of the

divorce decree and a district court order directing payment of certain sums, and directed answers to the petitions.

Recent motions to dissolve this court's temporary stays filed by real parties in interest Lynita S. Nelson and the LSN Nevada Trust and petitioners' oppositions indicate that a trial is scheduled for May 30, 2014, on the last remaining marital asset. A divorce decree that finally resolves all issues pertaining to the dissolution of the parties' marriage, including the division of property, is appealable as a final judgment. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (recognizing that a final judgment is one that disposes of all issues presented and leaves nothing for the court's future consideration, except for certain post-judgment issues). The right to appeal is generally considered an adequate legal remedy that precludes extraordinary relief. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. Here, an appeal from the final divorce decree, once it is entered, is an adequate remedy in the ordinary course of the law and is the more appropriate vehicle to challenge the issues raised by these writ petitions.

Additionally, the parties' recent filings indicate that the district court entered an injunction order in September 2013, which enjoins the payment of the sums at issue in Docket No. 63432 and directs placement of the funds in a blocked account, and enjoins the Eric L. Nelson Nevada Trust from encumbering or disposing of the property at issue in Docket No. 63545. Thus, the district court has, at least in part, enjoined transfer of the assets at issue in these petitions. To the extent that any party seeks an injunction that is not addressed by the district court order currently in effect, such relief may be sought in the district court. Under these circumstances, and given the availability of an appeal

from the final judgment, we conclude that our intervention by extraordinary writ relief is not warranted. Accordingly, we deny these petitions for writs of prohibitions without prejudice to the right of any aggrieved party to file an appeal from the final judgment. We vacate all orders granting temporary stays in these petitions.

It is so ORDERED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Frank P. Sullivan, District Judge, Family Court Division
     Solomon Dwiggins & Freer
     Radford J. Smith, Chtd.
     Larry Bertsch
     Dickerson Law Group
     Eighth District Court Clerk

---

[1]In light of this order, we deny as moot the motions for stay and motions for a ruling on and/or to dissolve temporary stays filed in both cases. We further deny as moot the July 23, 2013, motion for an extension of time to file a reply in Docket No. 63432 and the July 29, 2013, request for a ruling in Docket No. 63545. Finally, we grant the May 15, 2014, request for an extension of time to file a reply in Docket No. 63432, and we have considered the reply incorporated in that request.