An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY LYNN O'NEAL,
Appellant,
vs.
JUVENILE MASTER LU; KEVIN
SCHILLER; JEAN MARSH; LYNN
OTTO; TAMMY WILLIAMSEN; KASIE
SCHWIN; LISA FOELSCH; REBECCA
LANKFORD; MELONY ELAM; BRIAN
SANDOVAL; EGAN WALKER; ELEN
CRECELIUS; AMBER JOINER; KAREN
MASTERS; AMBER HOWELL;
RICHARD WHITLEY; STEVEN PITTS;
MICHAEL HALEY; JAMES
PITSNOGLE; JESSICA SHEPPARD;
JEFFREY MARTIN; CHRISTOPHER
JORDAN; RICHARD GAMMICK;
TYLER ELCANO; ALISON TESTA;
BUFFY BROWN; VERONICA CHAVEZ;
JOSEPH HAAS, PH.D.; BERT WELLS;
CYNTHIA WASHBURN; SUSAN VIAL;
TERRI HUMES; KATY SIMON; JOHN
BERKICH; NANCY LOWE; PEDRO
MARTINEZ; AUCOIN JONNA;
SHERRIE BETTS; ROBERT LARKIN;
BONNIE WEBER; JIM GALLOWAY;
KATY JUNG; DAVID HUMKE; DAVE
CHILDS; JESSICA LONGLEY; AND
MICHAEL MILDEN,
Respondents.

No. 65370

**FILED**

SEP 0 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is a proper person appeal from a March 13, 2014, district court order, purportedly certified as final under NRCP 54(b), recognizing that all claims against all respondents have been dismissed in a tort

14·29499

action. Second Judicial District Court, Washoe County; Steven Elliott, Judge.

Appellant filed a tort action against the 47 listed respondents. Respondent Steven Pitts was served with the complaint on July 16, 2013. Over the next few months, the district court entered eight different orders dismissing the action against 46 of the listed respondents. None of these orders, however, dismissed the action against Pitts. Then on March 13, 2014, the district court entered an order granting NRCP 54(b) certification of finality, concluding that the court had granted dismissal in favor of all of the defendants, that each of the dismissal orders were certified as final judgments, and that the case had reached its conclusion. Appellant has appealed from that order.

Our review of this appeal reveals a jurisdictional defect. In particular, NRAP 3A(b)(1) allows an appeal from a final judgment entered in an action. A final judgment is one that disposes of all issues presented in the case, and leaves nothing for the future consideration of the district court, except for post-judgment issues such as attorney fees and costs. *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). A judgment resolving a claim or removing a party, while other claims or parties remain pending, can be certified as final under NRCP 54(b) if the district court makes a determination that there is no just reason for delay.

Although it appears that the district court has resolved all claims against 46 of the respondents and the district court's March 13 order purports to grant a motion for NRCP 54(b) certification, the certification does not appear proper because it concludes that the action has been dismissed against all parties, yet the record contains no written

order dismissing or otherwise finally resolving the action against Pitts. Accordingly, we lack jurisdiction over this appeal, and we

ORDER this appeal DISMISSED.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Chief Judge, The Second Judicial District Court
Hon. Steven Elliott, Senior Judge
Jerry Lynn O'Neal
Washoe County District Attorney/Civil Division
Attorney General/Las Vegas
Washoe County School District Legal Department
Prout LeVangie/Las Vegas
Van Cott, Bagley, Cornwall & McCarthy
Rands & South & Gardner/Reno
Dave Childs
Reno City Attorney
Jeffrey Martin
Jim Galloway
Robert Larkin
Steven Pitts
Washoe District Court Clerk

---

[1]In light of this order, we deny as moot any relief requested in appellant's June 9, June 11, and July 10, 2014, proper person notices.