An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFF BUMB; AND TL STAR
PROPERTIES, LLC,
Appellants,
vs.
JULIE YOUNG,
Respondent.

No. 64438

**FILED**

DEC 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order setting aside an order granting summary judgment. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

When our preliminary review of the docketing statement and the documents submitted to this court pursuant to NRAP 3(g) revealed a potential jurisdictional defect, we directed appellants to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the October 8, 2013, order from which appellants appealed was not an appealable order. *See Taylor Constr. Co. v. Hilton Hotels Corp.*, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984) (providing that this court has jurisdiction to consider an appeal only when the appeal is authorized by statute or court rule). NRAP 3A(b) lists orders and judgments from which an appeal may be taken and includes a final judgment and a special order entered after a final judgment. *See* NRAP 3A(b)(1), (8). Appellants indicated in their docketing statement that the October 17, 2012, summary judgment was not a final, written judgment adjudicating all the rights and liabilities of all the parties because it did not resolve the issue of any monetary award until after a prove-up hearing

SUPREME COURT
OF
NEVADA

(O) 1947A

14-42454

was held. *See Lee v. GNLV Corp.*, 116 Nev. 424, 426 996 P.2d 416, 417 (2000). Thereafter, the district court entered the October 8, 2013, order, which granted respondent's NRCP 60(b) motion for relief from the summary judgment order. While NRAP 3A(b)(8) allows an appeal from a special order entered after final judgment, an order granting NRCP 60(b) relief from an interlocutory order is not a special order entered after final judgment.

In response to this court's show cause order, appellants concede that the October 17, 2012, order was not a final judgment, and thus, the October 8, 2013, order granting NRCP 60(b) relief is not an appealable special order entered after a final judgment.[1] Rather than dismissing this appeal, however, appellants request that this court stay this appeal and allow them to obtain a district court order certifying the October 17, 2012, summary judgment as final under NRCP 54(b) for the purpose of curing the jurisdictional defect. NRCP 54(b) allows the district court to certify an order as final only when the order completely removes *a party* from the district court action, and the rule does not permit certification when fewer than all claims pertaining to a party are resolved. *See Taylor Constr. Co.*, 100 Nev. at 209, 678 P.2d at 1153 (stating that a court cannot create finality through NRCP 54(b) certification when an order is not amenable to certification). Here, the order granting summary judgment merely resolves fewer than all of the claims as to the parties and does not completely remove a party from the action, and thus, the order is

---

[1]We grant respondent's motion to file a late reply to appellants' response, and we direct the clerk of this court to file the reply provisionally received on December 10, 2014.

not amenable to NRCP 54(b) certification. For that reason, we deny appellants' request to stay this appeal. As we lack jurisdiction, we

ORDER this appeal DISMISSED.

_____, C.J.
Gibbons

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jerome Polaha, District Judge
       Phillip M. Stone
       Paul G. Yohey
       Washoe District Court Clerk