An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| VIORELIS PONTIKIS, AN INDIVIDUAL; AND MARGARET PONTIKIS, AN INDIVIDUAL,<br>Appellants,<br>vs.<br>COLEMAN-TOLL, LLC, A FOREIGN CORPORATION,<br>Respondent. | No. 65838 |
| VIORELIS PONTIKIS, AN INDIVIDUAL; AND MARGARET PONTIKIS, AN INDIVIDUAL,<br>Appellants,<br>vs.<br>WOODLANDS COMMUNITY ASSOCIATION, A NEVADA NON-PROFIT CORPORATION; GOTHIC LANDSCAPING, INC., A FOREIGN CORPORATION; GOTHIC GROUNDS MANAGEMENT, INC., A FOREIGN CORPORATION; WALTER CONNER, AN INDIVIDUAL; AND CHEM-MOW LANDSCAPE,<br>Respondents. | No. 65895<br><br>**FILED**<br>FEB 13 2015<br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |
| VIORELIS PONTIKIS, AN INDIVIDUAL; AND MARGARET PONTIKIS, AN INDIVIDUAL,<br>Appellants,<br>vs.<br>COLEMAN-TOLL, LLC, A FOREIGN CORPORATION,<br>Respondent. | No. 65945 |
| VIORELIS PONTIKIS, AN INDIVIDUAL; AND MARGARET PONTIKIS, AN INDIVIDUAL,<br>Appellants,<br>vs.<br>COLEMAN-TOLL, LLC, A FOREIGN CORPORATION,<br>Respondent. | No. 66514 |

SUPREME COURT
OF
NEVADA

(O) 1947A

15-04907

## ORDER PARTIALLY DISMISSING APPEAL AND REINSTATING BRIEFING

These are consolidated appeals from (1) a district court summary judgment in favor of respondent Coleman-Toll, LLC (Docket No. 65838), (2) a partial summary judgment in favor of the remaining defendants (Docket No. 65895), (3) a judgment awarding costs in favor of Coleman-Toll (Docket No. 65945), and (4) an order awarding attorney fees in favor of Coleman-Toll (Docket No. 66514).

In their timely response to this court's order to show cause why these appeals should not be dismissed for lack of jurisdiction, which pointed out that appellants' negligence claims against some of the respondents remained pending below, appellants submitted a signed district court order properly granting NRCP 54(b) certification as to the three appealed orders involving Coleman-Toll. Although the submitted NRCP 54(b) certification is not file-stamped, according to the district court docket entries, that order was filed on December 30, 2014. Accordingly, it appears that we have jurisdiction over the appeals in Docket Nos. 65838, 65945, and 66514, NRAP 3A(b)(1); NRAP 4(a)(6), and those appeals may proceed. Appellants shall have 30 days from the date of this order to file and serve the opening brief and appendix. Thereafter, briefing shall proceed in accordance with NRAP 31(a)(1).

With respect to the partial summary judgment in favor of the other respondents, which was appealed in Docket No. 65895, however, the district court refused to certify that order as final under NRCP 54(b). Although appellants urge this court to consider the partial summary judgment anyway based on its disposal of some of the claims, NRCP 54(b) was amended effective in 2005 and no longer allows for certified finality based on the resolution of fewer than all claims when that resolution does

not completely removed a party from the action. As a result, regardless of whether the nature of the summary judgment claims is separate from the nature of the pending claim for negligence, a final judgment has not been entered, as respondents point out,[1] and the partial summary judgment cannot be certified as such. Accordingly, we lack jurisdiction, NRAP 3A(b)(1); *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000), and we dismiss the appeal in Docket No. 65895.

It is so ORDERED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Mark R. Denton, District Judge
Stephen E. Haberfeld, Settlement Judge
Alverson Taylor Mortensen & Sanders
Maupin, Cox & LeGoy
Atkin Winner & Sherrod
Brown, Bonn & Friedman, LLP
Emerson & Manke, LLP
Eighth District Court Clerk

---

[1]Respondents' unopposed January 15, 2015, motion for an extension of time to file a reply is granted; the clerk of this court shall file the reply provisionally received in this court that same day.

