An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PNC MORTGAGE,
                    Appellant,
        vs.
BRAD REIPLINGER; AND DANA
REIPLINGER,
                    Respondents.

No. 67726

**FILED**

SEP 2 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
        DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is an appeal from a district court order granting a petition for judicial review in a foreclosure mediation matter. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

When our initial review of this appeal revealed potential jurisdictional defects, we directed appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the district court's order was not a final appealable judgment because (1) respondents' claim against Clear Recon Corp. remained pending in the district court and (2) while the order imposes monetary sanctions against appellant, it does not set forth the amount of those sanctions. *See* NRAP 3A(b)(1) (allowing an appeal from a final judgment); *Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000) ("[A] final judgment is one that disposes of all the issues presented in the case and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and/or costs.").

In response to this court's order, appellant has provided a copy of a district court order dismissing any and all claims against Clear Recon Corp. Appellant also argues that the district court's order need not specify the amount of the sanctions to be a final judgment. Appellant suggests

SUPREME COURT
OF
NEVADA

(O) 1947A

15-29438

that because the district court sanctioned it by ordering it to pay respondents' attorney fees and costs and a final judgment need not include a post-judgment award of fees and costs, the failure to include the amount of fees and costs awarded does not defeat finality here. We disagree.

Respondents' sole claim in the petition for judicial review was for sanctions against appellant for its failure to mediate in good faith and comply with the statutory requirements for mediation. The district court's order sanctions appellant by ordering it to pay respondents' attorney fees and costs and directs respondents to file an affidavit of attorney fees and memorandum of costs within 10 days. Under these circumstances, the award of attorney fees and costs is part of the substance of the district court's order rather than a post-judgment award. While respondents have filed an affidavit of attorney fees and a memorandum of costs, the district court has not yet entered an order determining the amount of attorney fees and costs. Thus, the amount of the sanction has not yet been determined with finality and we lack jurisdiction over this appeal. *See* NRAP 3A(b)(1); *Lee v. GNLV Corp.*, 116 Nev. 424, 996 P.2d 416 (2000) Accordingly, we

ORDER this appeal DISMISSED.

_____, J.
Saitta

_____ J.
Gibbons

_____, J.
Pickering

cc: Hon. Kathleen E. Delaney, District Judge
Thomas J. Tanksley, Settlement Judge
Ballard Spahr, LLP
Del Grosso Law, Ltd.
Eighth District Court Clerk