IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ROBERT N. PECCOLE; NANCY A. PECCOLE, INDIVIDUALS; AND AS TRUSTEES OF THE ROBERT AND NANCY PECCOLE TRUST,<br>                    Appellants,<br>vs.<br>FORE STARS, LTD., A NEVADA LIMITED LIABILITY COMPANY; 180 LAND CO., LLC, A NEVADA LIMITED LIABILITY COMPANY; SEVENTY ACRES, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND EHB COMPANIES, LLC, A NEVADA LIABILITY COMPANY,<br>                    Respondents. | No. 75396<br><br>**FILED**<br><br>MAY 3 0 2018<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order dismissing appellants' counterclaims. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Respondents have filed a motion to dismiss this appeal for lack of jurisdiction, asserting that the challenged order is not a final judgment. Appellants oppose the motion and respondents have filed a reply.

The challenged order dismisses appellants' first and second counterclaims and dismisses appellants' third counterclaim with leave to amend. The order does not resolve the claims respondents asserted in their complaint. It does not appear, and the parties do not assert, that any other written order resolves those claims. It also does not appear that any order finally resolves the third counterclaim. *See Bergenfield v. BAC Home Loans Servicing*, 131 Nev., Adv. Op. 68, 354 P.3d 1282 (2015) (concluding that an order dismissing a complaint with leave to amend is not a final, appealable judgment).

Appellants assert that the order is appealable as a final judgment under NRAP 3A(b)(1) because it resolved all of their counterclaims against all respondents. This contention lacks merit. A final judgment is "one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV. Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). The order challenged in this appeal is not a final judgment because it does not dispose of all the issues presented in the case. Respondents' claims and appellants' third counterclaim remain pending in the district court.

This court only has jurisdiction to consider appeals that are authorized by statute or court rule. *Bergenfield*, 131 Nev., Adv. Op. 68, 354 P.3d at 1283. It does not appear, and appellants do not assert, that any other statute or court rule permits an appeal from an order dismissing

counterclaims. And the challenged order was not certified as final under NRCP 54(b).[1] Accordingly, it appears that we lack jurisdiction and we ORDER this appeal DISMISSED.[2]

_____ , C.J.
Douglas

_____ , J.          _____ , J.
Gibbons                               Stiglich

cc:    Hon. Linda Marie Bell, District Judge
       Peccole & Peccole, Ltd.
       The Jimmerson Law Firm, P.C
       Eighth District Court Clerk

---

[1]As the parties seem to agree, the challenged order is not amenable to NRCP 54(b) certification because both appellants and respondents remain in the district court action. *See* NRCP 54(b).

[2]Respondents also assert that the appeal should be dismissed because it is duplicative of the pending appeal in Docket No. 72455. Given this order, we need not consider whether dismissal is warranted on that basis.

Respondents request that we award them attorney fees and costs under NRAP 38(b), alleging that this appeal was frivolously taken or processed where appellants were on notice that the challenged order was not an appealable final judgment. We decline to do so. We also decline appellant's request to treat this appeal as an original writ petition. If appellants conclude that the filing of a writ petition is appropriate, they may file a petition pursuant to NRAP 21.