# IN THE SUPREME COURT OF THE STATE OF NEVADA

LN MANAGEMENT LLC SERIES 7205 VISTA BONITA,

Appellant,

vs.

BANK OF AMERICA, N.A., A NATIONAL ASSOCIATION,

Respondent.

No. 77406

FILED

AUG 16 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a district court order granting a motion for summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

On April 11, 2019, this court entered an order directing appellant to show cause, by May 13, 2019, why this appeal should not be dismissed for lack of jurisdiction.[1] The order cautioned that failure to demonstrate that this court has jurisdiction could result in the dismissal of this appeal. When appellant failed to file a response or otherwise communicate with this court, this court entered an order on July 9, 2019, directing appellant to file a response by July 23, 2019.[2] The order cautioned that failure to timely file a response could result in the dismissal of this appeal. To date, appellant has failed to file a response or otherwise

---

[1]A copy of this order is attached.

[2]A copy of this order is attached.

19-34519

communicate with this court. Accordingly, it appears that appellant has abandoned this appeal, and this court

ORDERS this appeal DISMISSED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:   Hon. Nancy L. Allf, District Judge
      Paul M. Haire, Settlement Judge
      Kerry P. Faughnan
      Akerman LLP/Las Vegas
      Eighth District Court Clerk

IN THE SUPREME COURT OF THE STATE OF NEVADA

LN MANAGEMENT LLC SERIES 7205
VISTA BONITA,
                 Appellant,
        vs.
BANK OF AMERICA, N.A., A
NATIONAL ASSOCIATION,
               Respondent.

No. 77406

FILED

APR 11 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER TO SHOW CAUSE

This is an appeal from a district court order, purportedly certified as final under NRCP 54(b), granting a motion for summary judgment in a quiet title action. Initial review of the docketing statement and documents before this court reveals potential jurisdictional defects. First, it is not clear that the challenged order was properly certified as final under NRCP 54(b) because claims involving both appellant and respondent may remain pending in the district court. *See* NRCP 54(b) (2005) and Drafter's Note—2004 Amendment (the district court may certify an order as final under NRCP 54(b) when all claims involving one, but fewer than all parties, are resolved). Specifically, appellant's claims for quiet title and declaratory relief against respondent alternatively sought an order directing respondent to accept payments under the terms of a surviving lien. The district court's order does not address the alternative requests for relief

19-15970

and it is not clear whether the alternative claims were rendered moot or implicitly resolved by the summary judgment order.

If the certification of finality was improper and the summary judgment order is not independently appealable, it also does not appear that the district court has entered a final judgment appealable under NRAP 3A(b)(1). Respondent's claim for unjust enrichment against Alessi & Koenig, LLC, appears to remain pending.[1] *See Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment). Although Alessi & Koenig filed a declaration of non-monetary status, respondent timely filed an objection to that declaration and it does not appear that the district court issued an order regarding the validity of the objection as required. *See* NRS 107.029(4). And no district court order appears to resolve the claim against Alessi & Koenig.

If the certification of finality under NRCP 54(b) was proper, making the summary judgment order independently appealable, it appears that the notice of appeal was untimely filed. Notice of entry of the summary judgment order was served electronically on July 3, 2018. But appellant did not file the notice of appeal in the district court until November 6, 2018, well past the expiration of the 30-day appeal period. *See* NRAP 4(a)(1).

Accordingly, appellant shall have 30 days from the date of this order to show cause why this appeal should not be dismissed for lack of jurisdiction. In responding to this order, in addition to points and authorities, appellant should provide a copy of any district court order resolving appellant's alternative claims for relief against respondent and respondent's claim against Alessi & Koenig. Respondent may file any reply

---

[1]Appellant fails to describe how the claim against Alessi & Koenig was resolved as required by docketing statement item 23.

within 14 days of service of appellant's response. Failure to demonstrate that this court has jurisdiction may result in the dismissal of this appeal.

The deadlines to file documents in this appeal are suspended pending further order of this court.

It is so ORDERED.

_____, C.J.

cc:    Kerry P. Faughnan
Akerman LLP/Las Vegas

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LN MANAGEMENT LLC SERIES 7205
VISTA BONITA,
                    Appellant,

vs.

BANK OF AMERICA, N.A., A
NATIONAL ASSOCIATION,
                    Respondent.

No. 77406

**FILED**

JUL 09 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER

On April 11, 2019, this court entered an order directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. To date, appellant has not filed a response or otherwise communicated with this court.

Appellant shall have 14 days from the date of this order to file a response to this court's April 11, 2019, order. Failure to timely file a response may result in the dismissal of this appeal.

It is so ORDERED.

_____, C.J.

cc:    Kerry P. Faughnan
       Akerman LLP/Las Vegas

19-29061