# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAS VEGAS RESORT HOLDINGS, LLC,
D/B/A SAHARA LAS VEGAS, A
DELAWARE LIMITED LIABILITY
COMPANY,
Appellant,
vs.
SCOTT ROEBEN, D/B/A VITAL VEGAS,
D/B/A VITAL VEGAS.COM, AN
INDIVIDUAL,
Respondent.

No. 82216

FILED

MAR 04 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order granting an anti-SLAPP special motion to dismiss under NRS 41.660. Eighth Judicial District Court, Clark County; Jessica K. Peterson, Judge.

Respondent filed a motion to dismiss this appeal and this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant has filed a response to the order to show cause and respondent has filed a reply.

Appellant asserts that the order granting the special motion to dismiss was not a final appealable order because NRS 41.670(1)(a) requires the court to grant reasonable costs and attorney fees and the order granting the special motion to dismiss did not include those costs and fees. The district court entered an order granting costs and attorney fees on December 30, 2020, and appellant asserts that this order was the final appealable order. Appellant filed an amended notice of appeal on January 28, 2021, which identified both the order granting the special motion to dismiss and the order granting costs and attorney fees. Appellant argues that because

21-06309

the amended notice of appeal was timely filed from the order granting costs and attorney fees, this court has jurisdiction over this appeal. We disagree.

NRS 41.660(5) provides that the dismissal of an action pursuant to a special motion to dismiss filed under the statute "operates as an adjudication upon the merits." The district court granted respondent's NRS 41.660 special motion to dismiss and dismissed all claims with prejudice. Because the order granting the special motion to dismiss "dispose[d] of all the issues presented in the case, and [left] nothing for the future consideration, except for post-judgment issues such as attorney's fees and costs," the order is a final judgment appealable under NRAP 3A(b)(1). *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000); *see also John v. Douglas County School District*, 125 Nev. 746, 757-58, 219 P.3d 1276, 1284 (2009) (noting that Nevada's and California's anti-SLAPP "statutes amount to a unique summary judgment motion, a motion that, if granted is appealable") *superseded by* 2013 Nev. State, ch. 176, § 3, at 623-24 *on other grounds, as recognized in Shapiro v. Welt*, 133 Nev. 35, 37, 389 P.3d 262, 266 (2017).

The notice of entry of the order granting the special motion to dismiss was served on October 30, 2020. Thus, to be timely, the notice of appeal had to be filed by November 30, 2020. *See* NRAP 4(a)(1). However, the notice of appeal was not filed until December 9, 2020. And the time for filing the notice of appeal was not tolled. Although the record before this court indicates appellant filed a motion seeking relief under NRCP 52(a)(5), 52(b), 59(e), and 60(b) in the district court on January 27, 2021, the motion did not toll the period for filing the notice of appeal because the motion was not timely filed from the order granting the special motion to dismiss. *See* NRAP 4(a)(4) (providing the time to file a notice of appeal will be tolled if a party timely files one of the listed tolling motions); NRCP 52(b), 59(b), and

59(e) (requiring motions filed pursuant to these statutes to be filed no later than 28 days after service of written notice of entry of the judgment being challenged). Accordingly, we lack jurisdiction over the appeal from the order granting the special motion to dismiss.

The order granting costs and attorney fees is a special order after final judgement that is independently appealable. *See* NRAP 3A(b)(8); *Campos-Garcia v. Johnson*, 130 Nev. 610, 612, 331 P.3d 890, 891 (2014). However, because it is independently appealable, an appeal from this order must be taken by filing a separate, independent notice of appeal, not an amended notice of appeal in this matter. Further, the attempt to appeal from the order granting costs and attorney fees is premature because appellant's motion seeking relief under NRCP 52(a)(5), 52(b), 59(e), and 60(b) was timely filed from that order. *See* NRAP 4(a)(4). The amended notice of appeal did not divest the district court of jurisdiction and the tolling motion remains pending in the district court. Accordingly, to the extent appellant attempts to appeal from the order granting costs and attorney fees, we conclude that appeal should also be dismissed. *See* NRAP 4(a)(6) ("Th[is] court may dismiss as premature a notice of appeal filed after the oral pronouncement of a decision or order but . . . before entry of the written disposition of the last-remaining timely motion listed in Rule 4(a)(4)."). Accordingly, we

ORDER this appeal DISMISSED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                        Silver

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Jessica K. Peterson, District Judge
Lewis Roca Rothgerber Christie LLP/Las Vegas
Meruelo Group LLC
Randazza Legal Group, PLLC
Eighth District Court Clerk