# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE CITY OF LAS VEGAS, A MUNICIPAL CORPORATION,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE JERRY A. WIESE, DISTRICT JUDGE,
Respondents,
   and
NEVADA CRT, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND WELLNESS CONNECTION OF NEVADA, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Real Parties in Interest.

No. 82207

FILED

MAR 16 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus or prohibition challenges a district court order in a judicial review action. The district court granted in part real parties in interests' petition for judicial review of a city council order denying a special use permit, and petitioner seeks writ relief from that district court order. Having considered the petition and supporting documents, we are not persuaded that our extraordinary and discretionary intervention is warranted. *See* NRS 34.160; NRS 34.320; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). In particular, petitioner has an adequate remedy in the form of an appeal from the final judgment. *See* NRS 34.170; NRS 34.330; *Redrock Valley Ranch, LLC v. Washoe Cty.*, 127 Nev. 451, 453, 254 P.3d 641,

22-08375

643 (2011) (reviewing, on direct appeal, a challenge to a district court order in a judicial review action disputing a decision to deny a use permit); *Kay v. Nunez*, 122 Nev. 1100, 1105-06, 146 P.3d 801, 805 (2006) (determining that a petition for judicial review—not a petition for a writ of mandamus—is the proper mechanism to challenge an administrative decision); *Pan*, 120 Nev. at 224, 88 P.3d at 841 (recognizing that the right to appeal generally precludes writ relief); *see also* NRAP 3A(b)(1) (providing that an appeal may be taken from a final judgment); *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (defining a final judgment).

Additionally, real parties in interests' answer purports to be a combined answer and cross-petition for writ relief. This court's rules do not provide for such a filing. As the document otherwise complies with the filing requirements of an answer, *see* NRAP 21(d)-(f), we have considered its arguments against issuance of petitioner's requested writ in that regard, consistent with this court's mandate, *City of Las Vegas v. Eighth Judicial Dist. Court*, Docket No. 82207 (Order Directing Answer, December 31, 2020), and do not address the affirmative relief the document requests. Any petition for writ relief that real parties in interest file must comply with NRAP 21 and shall be docketed separately. In light of this order, the clerk shall return the filing fee docketed as paid on June 1, 2021.

Accordingly, we

ORDER the petition DENIED.

_____, C.J.
Parraguirre

_____, J.        _____, J.
Stiglich                            Silver

cc: Hon. Jerry A. Wiese, District Judge
Las Vegas City Attorney
Howard & Howard Attorneys PLLC
Eighth District Court Clerk